# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Development Dimensions International, Inc.** | : |
| 1225 Washington Pike | : |
| Bridgeville, Pennsylvania 15017 | : |
| | : |
| Plaintiff, | : Case No. 2:25-cv-315 |
| | : |
| v. | : Judge: |
| | : |
| **John Doe 1,** *aka* **Michael Brazeel** | : |
| *aka* **Brazeel Michael** | : |
| Addresses Unknown | : |
| | : |
| Defendant, | : |
| and | : |
| | : |
| **John Does 2–6  signatories/account holders at** | : |
| **Wells Fargo Bank, N.A.** | : |
| Addresses Unknown | : |
| | : |
| Defendants, | : |
| and | : |
| | : |
| **John Does 7–11  signatories/account holders at** | : |
| **U.S. Bank, N.A.** | : |
| Addresses Unknown | : |
| | : |
| Defendants, | : |
| and | : |
| | : |
| **John Does 12–16  signatories/account holders at** | : |
| Green Dot Bank | : |
| Addresses Unknown | : |
| | : |
| Defendants, | : |
| and | : |
| | : |
| **Wells Fark Bank, N.A**. | : |
| 420 Montgomery Street | : |
| San Francisco, California 94163 | : |
| | : |
| Defendant, | : |

| | |
|---|---|
| **U.S. Bank, N.A**.<br>800 Nicollet Mall<br>Minneapolis, Minnesota 55402<br><br>   Defendant,<br>and<br><br>**Bonneville Bank,** *dba* **Go2Bank**<br>*dba* **Green Dot Bank,**<br>1675 North Freedom Blvd., 200 West<br>Provo, Utah 84604<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Now comes Plaintiff Development Dimensions International, Inc. ("DDI") and, for its Complaint against Defendants John Doe 1, *aka* Michael Brazeel, *aka* Brazeel Michael ("Brazeel"), John Does 2–6, John Does 7–11, John Does 12–16 (collectively "John Doe Defendants"), Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank, N.A. ("U.S. Bank") and Bonneville Bank, *dba* Go2Bank, *dba* Green Dot Bank, ("GreenDot") (Wells Fargo, U.S. Bank, and GreenDot referred to collectively as "Nominal Banking Defendants"), states and alleges as follows:

## PARTIES

1. DDI is a corporation, with its principal place of business at 1225 Washington Pike, Bridgeville, Pennsylvania, 15017.

2. John Doe Defendants are persons who are illegally using DDI's name, address, and trademarks to open bank accounts, send fraudulent invoices purporting to be from DDI to induce third parties to send money to John Doe Defendants, and to fund those bank accounts with the money received in response to the fraudulent invoices.

2

3. John Doe Defendants have registered the domain ddiworldinc.org in an effort to trick DDI's customers and potential customers into thinking they are doing business with DDI, in an effort to defraud them of tens or hundreds of thousands of dollars.

4. Wells Fargo is a corporation, with its principal place of business at 420 Montgomery Street, San Francisco, California, 94163 that does substantial business and has operations in, among other places, Columbus, Ohio and has opened and maintained demand and depository accounts with and for John Doe Defendants into which the ill-gotten gains of John Doe Defendants' scheme are deposited.

5. U.S. Bank is a corporation, with its principal place of business at 800 Nicollet Mall, Minneapolis, Minnesota, 55402 that does substantial business and has operations in, among other places, Columbus, Ohio and has opened and maintained demand and depository accounts with and for John Doe Defendants into which the ill-gotten gains of John Doe Defendants' scheme are deposited.

6. GreenDot is a corporation, with a branch office at 1675 North Freedom Blvd., 200 West, Provo, Utah 84604. GreenDot does substantial business and has operations in, among other places, West Chester, Ohio and has opened and maintained demand and depository accounts with and for John Doe Defendants into which the ill-gotten gains of John Doe Defendants' scheme are deposited.

**JURISDICTION**

7. Subject matter jurisdiction is proper in this matter pursuant to 28 U.S.C. §§ 1331. This Court has supplemental jurisdiction over the state and common law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

112037\000004\4928-5966-5448v10

8. This Court has Personal Jurisdiction over all defendants because they have significant connections and have conducted business in Ohio and, specifically, with respect to the John Doe Defendants, have defrauded people and illegally used DDI's trademark to perpetrate those frauds in Ohio.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because John Doe Defendants, U.S. Bank, Wells Fargo, and GreenDot have significant connections to and have conducted business in Ohio and, specifically with respect to the John Doe Defendants, have defrauded people and illegally used DDI's trademark to perpetrate those frauds in Ohio, and specifically with respect to nominal defendants U.S. Bank, Wells Fargo, and GreenDot, those defendants have offices and business operations in Ohio.

## FACTS RELEVANT TO ALL CLAIMS

10. DDI is a globally recognized provider of talent management and leadership development solutions.

11. DDI has invested substantial time and resources in developing its brand and reputation.

12. DDI's brand and reputation are inextricably linked to its federally registered trademarks.

13. DDI has rights in and owns many trademarks, including the trademarks set forth in and established by federal trademark registration Nos. 5736801, 5473316, 3377172, and 1352054 (the "DDI Trademarks").

14. Registrations for the DDI Marks are attached hereto as **Exhibit 1**.

15. Clients of DDI have come to know the company as Development Dimensions International, DDI and DDI World, through its use of the DDI Trademarks.

112037\000004\4928-5966-5448v10

16. DDI is the owner of the domain name, ddiworld.**com** (the ".com domain"). Registering the domain as its primary domain on or about May 3, 1995. Whois registry attached hereto as **Exhibit 2**.

17. All DDI employees have email addresses utilizing the .com domain, and every email sent by a DDI employee features the DDI World mark.

18. On or around November 2024, DDI began receiving emails from its customers referring to fraudulent emails (the "Fraudulent Emails") sent by John Doe Defendants, from a ddiworldinc.***org*** domain (the ".org domain").

19. Examples of such Fraudulent Emails are attached hereto as **Exhibit 3**.

20. John Doe Defendants' emails also link to a website, ddiworldinc.org.

21. Ddiworldinc.org is registered by John Doe 1, as Michael Brazeel or Brazeel Michael.

22. Brazeel is not and has never been an employee of DDI. In fact, DDI has reason to believe that the names "Michael Brazeel" and "Brazeel Michael" are aliases to conceal the true identity of John Doe 1.

23. Attached to the Fraudulent Emails were invoices (the "Fraudulent Invoices") for more than ten thousand dollars each, fraudulently purporting to be for services rendered by DDI, when no such services were performed by DDI.

24. Examples of the Fraudulent Invoices are attached herein as **Exhibit 4**.

25. The Fraudulent Invoices are from aliases, believed to be John Does 1–16 or from individuals working for or with the John Doe Defendants.

26. The Fraudulent Invoices utilize DDI Trademarks and unregistered DDI marks (collectively, the "Infringing Marks") to create confusion and lure DDI customers or potential

5

customers into a false sense of trustworthiness and to trick them into believing they are doing business with DDI.

27. John Doe Defendants do not have rights to use DDI's Trademarks.

28. The Infringing Marks adopted and used by John Doe Defendants are identical or highly similar to DDI's Trademarks and unregistered marks.

29. John Doe Defendants have interfered with DDI's business, and DDI has received information from recipients of the Fraudulent Emails that suggests that some recipients have been defrauded and paid the Fraudulent Invoices.

30. More DDI customers and potential customers are likely to be harmed by John Doe Defendants' fraudulent scheme.

31. DDI is likely to continue to be harmed by John Doe Defendants' fraudulent scheme.

32. Those Fraudulent Invoices direct their victims to send payment to accounts held by the Nominal Banking Defendants.

33. In order to open accounts with the Nominal Banking Defendants, certain "Know Your Customer" ("KYC") policies and regulations required the John Doe Defendants to provide valid government issued identification and confirm to the Nominal Banking Defendants their true identities.

34. Upon information and belief, victims of the John Doe Defendants have sent money to satisfy the Fraudulent Invoices to the Nominal Banking Defendants.

35. Upon information and belief, the Nominal Banking Defendants hold some or all of the ill-gotten proceeds generated by John Doe Defendants illegal scheme.

36. Upon information and belief, the Nominal Banking Defendants have record of where some or all of the ill-gotten proceeds generated by John Doe Defendants' illegal scheme

112037\000004\4928-5966-5448v10

have been transferred, to the extent they have been transferred outside of accounts controlled by the Nominal Banking Defendants.

37. After receiving numerous emails from DDI customers or potential customers about the Fraudulent Emails, on February 27, 2025, DDI filed a Complaint with FORUM, under the Uniform Domain Name Dispute Resolution Policy.

38. On or about March 12, 2025, DDI received a bank statement from U.S. Bank in DDI's name, opened under DDI's tax id. However, DDI has never opened or maintained a bank or other demand or deposit account with U.S. Bank.

39. On March 12, 2025, DDI alerted U.S. Bank's fraud department about the fraudulently opened account.

## COUNT I– TRADEMARK INFRINGEMENT
## 15 U.S.C. §1114(1).

40. DDI incorporates the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

41. John Doe Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of John Doe Defendants' Fraudulent Invoices, and is likely to cause consumers to believe, contrary to fact, that John Doe Defendants' Fraudulent Invoices are or were authorized or endorsed by DDI, or that John Doe Defendants are, or are in some way affiliated with, DDI. John Doe Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42. Upon information and belief, John Doe Defendants committed the foregoing acts of infringement with full knowledge of DDI's prior rights in the Trademarks and with the willful intent to cause confusion and mistake, to deceive and trade on DDI's goodwill.

43. John Doe Defendants' conduct is causing immediate and irreparable harm and injury to DDI, and to its goodwill and reputation, and will continue to both damage DDI and confuse the public unless enjoined by this court. DDI has no adequate remedy at law.

44. DDI is entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II – FEDERAL UNFAIR COMPETITION
## 15 U.S.C. §1125(a)

45. DDI incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. John Doe Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of, John Doe Defendants' fraudulent invoices and is likely to cause consumers to believe, contrary to fact, that John Doe Defendants' fraudulent invoices are authorized or endorsed by DDI, or that John Doe Defendants are, or are in some way affiliated with, DDI.

47. John Doe Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

48. Upon information and belief, John Doe Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of John Doe Defendants with DDI.

49. John Doe Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

8

50. John Doe Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to DDI, and to its goodwill and reputation, and will continue to both damage DDI and confuse the public unless enjoined by this court. DDI has no adequate remedy at law.

51. DDI is entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III – CYBERSQUATTING
## 15 U.S.C. § 1125(d).

52. DDI incorporates the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53. DDI owns all rights in and to the DDI Trademarks, which are strong and distinctive, and were strong and distinctive as of the date that John Doe Defendants registered the .org domain.

54. John Doe Defendants registered, used, and trafficked in the .org domain, which is confusingly similar to the DDI Trademarks.

55. John Doe Defendants registered, used, and trafficked in the .org domain with an intent to profit from its confusing similarity to the DDI Trademarks. Among other things, upon information and belief:

   a. John Doe Defendants registered the .org domain, despite knowing that they had no rights in any name or mark and was not known by any name that was referenced or reflected in the .org domain;

   b. John Doe Defendants registered the .org domain, despite knowing that DDI had rights in and to the name or mark set forth in the domain;

9

    c. John Doe Defendants made no bona fide, non-infringing, commercial use or fair non-commercial use of the .org domain;

    d. John Doe Defendants intended to and did confuse and deceive at least some of the consumers receiving the Fraudulent Emails and Fraudulent Invoices that the Fraudulent Emails and Fraudulent Invoices were authentic emails and invoices from DDI, exploiting the confusing similarity of the .org domain and DDI's Trademarks and the .com domain for John Doe Defendants' commercial gain;

    e. Upon information and belief, John Doe Defendants provided false contact information to the Registrar when registering the .org domain.

56. John Doe Defendants' conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to DDI, and to its goodwill and reputation, and will continue to damage DDI unless enjoined by this court. DDI has no adequate remedy at law.

57. DDI is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, cancellation of John Doe Defendants' registration of the .org domain.

58. DDI is further entitled to recover its damages, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a). Alternatively, DDI is entitled to maximum statutory damages in the amount of $100,000 for the .org domain pursuant to 15 U.S.C. § 1117(d).

59. DDI is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

## COUNT IV– DECEPTIVE TRADE PRACTICES
### Ohio Revised Code § 4165.02

60. DDI incorporates the allegations set forth in paragraphs 1 through 59 as if fully set forth herein.

61. John Doe Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of John Doe Defendants' Fraudulent Invoices, and is likely to cause consumers to believe, contrary to fact, that John Doe Defendants' Fraudulent Invoices are or were authorized or endorsed by DDI, or that John Doe Defendants are, or are in some way affiliated with, DDI.

62. John Doe Defendants are therefore committing deceptive trade practices under Ohio law, as set forth in R.C. 4165.02(A).

63. John Doe Defendants' actions have caused, and will continue to cause, substantial, irreparable harm to the DDI Trademarks, for which DDI will have no adequate remedy at law.

64. DDI has suffered and will continue to suffer damages as a result of John Doe Defendants' deceptive conduct.

65. John Doe Defendants continue to engage in their deceptive trade practice willfully and knowing it to be deceptive in disregard of DDI's rights and interests with an intent to profit from DDI's goodwill.

66. DDI is entitled to injunctive relief, damages, and an award of attorneys' fees against John Doe Defendants.

## COUNT V– TORTIOUS INTERFERENCE OF BUISNESS

67. DDI incorporates the allegations set forth in paragraphs 1 through 66 as if fully set forth herein.

11

68. DDI has existing and prospective business relationships with businesses in the Southern District of Ohio and across the United States.

69. DDI is known by its DDI Marks, and its customers expect secure and correct emails and invoices.

70. DDI has expended significant time and resources into curating its reputation.

71. John Doe Defendants knew of DDI's existing and prospective relationship with its customers.

72. John Doe Defendants, without privilege or justification, intentionally and improperly interfered with DDI's existing and prospective business relationships by sending Fraudulent Emails and Fraudulent Invoices to DDI customers.

73. These Fraudulent Emails, Fraudulent Invoices, and other statements of the John Doe Defendants have caused DDI to lose business with its current and prospective customers.

74. As a direct and proximate result of John Doe Defendants' tortious conduct, DDI has suffered harm and damages, including without limitation, loss of customers, loss of business opportunities, harm to its existing business relationships, and costs associated with prosecuting this action, in an amount to be proved at trial but which exceeds $75,000.00, and an additional amount for attorneys' fees and punitive damages.

## COUNT VI – INJUNCTIVE RELIEF

75. DDI incorporates the allegations set forth in paragraphs 1 through 74 as if fully set forth herein.

76. DDI is likely to succeed on the merits of its trademark infringement claims due to the DDI Marks being used in the Fraudulent Emails and Fraudulent Invoices.

77. DDI will suffer irreparable harm if the injunction is not granted.

112037\000004\4928-5966-5448v10

78. The balance of equities is in favor of DDI.

79. An injunction is in the public interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

A. A temporary restraining order, preliminary and permanent injunction enjoining and restraining John Doe Defendants from:

   a. Further contacting and interfering with Plaintiff's business relationships and customers;

   b. operating a business or conducting business transactions of any kind name similar to or associated with Plaintiff;

   c. making further misleading, false, and deceptive emails and/or invoices to any of Plaintiff's customers or perspective customers;

B. An order enjoining John Doe Defendants from using or maintaining the domain name ddiworldinc.org;

C. An order enjoining Wells Fargo, U.S. Bank, and GreenDot from transferring money in and out of any of the accounts associated with John Doe Defendants' purporting to be DDI;

D. Monetary damages for reputational harm exceeding $75,000.00 to be proven at trial;

E. Compensatory damages in an amount exceeding $75,000.00 to be proven at trial;

F. Punitive and exemplary damages and attorney's fees in an amount exceeding $75,000.00 to be proven at trial; and

G. Such other relief as this Court may deem just and proper.

        Respectfully submitted,

        */s/ Nicholas S. Bobb*
        Jeffrey J. Nein      (0089415)
        Nicholas S. Bobb  (0090537)
        Robert T. Dove    (0092019)
        Kegler, Brown, Hill & Ritter
        65 East State Street, Suite 1800
        Columbus, Ohio 43215
        Phone: (614) 462-5400
        Fax: (614) 852-4800
        jnein@keglerbrown.com
        nbobb@keglerbrown.com
        rdove@keglerbrown.com

        *Counsel for Plaintiff Development Dimensions International, Inc.*