IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEVELOPMENT DIMENSIONS
INTERNATIONAL, INC.,

      Plaintiff,

Case No. 2:25-cv-00315
District Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

JOHN DOE 1, et al.,

      Defendants.

## OPINION & ORDER

Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. 32) is before the Court. For good cause shown, the Motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff, "a globally recognized provider of talent management and leadership development solutions," filed this action on March 26, 2025, against 16 John Doe Defendants and several Banking Defendants: Wells Fargo Bank, N.A.; U.S. Bank, N.A.; and Bonneville Bank *dba* Go2Bank *dba* Green Dot Bank. (Doc. 2 at 4; Doc. 1 at 1–2).

Briefly, in November 2024, Plaintiff's customers reported receiving fraudulent emails, purportedly from Plaintiff. (Doc. 1 at ¶ 18). The emails directed customers to a website registered to Defendant John Doe 1, Michael Brazeel or Brazeel Michael, who is not employed by Plaintiff. (*Id.* at ¶¶ 20–22 (alleging Michael Brazeel or Brazeel Michael are "aliases to conceal the true identity of John Doe 1)). Attached to the emails were invoices for "more than ten thousand dollars each" for services never rendered by Plaintiff. (*Id.* at ¶ 23). The invoices, sent by the John Doe Defendants, contained fraudulent trademarks to lure customers into paying them. (*Id.* at ¶¶ 25–32). The payments would then go to accounts held by the Banking Defendants. (*Id.* at ¶ 32). Based upon these allegations, Plaintiff brings claims for trademark infringement, unfair competition, and cybersquatting under federal law, as

well as claims for deceptive trade practices and tortious interference with a business under Ohio state law. (*Id.* at ¶¶ 40–74 (citing 15 U.S.C. §§ 1114(1), 1125(a); and 1125(d) and Ohio Rev. Code § 4165.02)).

When it filed the Complaint, Plaintiff also moved for expedited discovery. (Doc. 3). The motion asked for leave to serve document requests upon the Banking Defendants for the purpose of identifying the John Doe Defendants. (*Id.* at 3). On April 28, 2025, the Court granted the motion and entered a stipulated protective order agreed to by Plaintiff and the Banking Defendants. (Docs. 23, 24). Then, on June 2, after the Banking Defendants provided Plaintiff with documents, the Court dismissed them from this action on Plaintiff's motion. (Doc. 31 (granting Doc. 30) (unopposed motion to dismiss the Bank Defendants))). The only remaining Defendants in this action are unidentified John Doe Defendants. (Doc. 1 at 1–2).

In the documents it obtained from U.S. Bank, N.A., Plaintiff found an IP address that originated from internet service provider ("ISP") Comcast Corporation. (Doc. 32 at 2). That IP address was used to open a fraudulent bank account in Plaintiff's name on February 27, 2025. (*Id.*). The bank account, according to Plaintiff, was involved in the invoice scheme alleged in the Complaint. (*Id.*). Now, in the instant Motion, Plaintiff moves for leave to serve a third-party subpoena on Comcast Corporation, prior to a Rule 26(f) conference, to "ascertain the true identity of" the John Doe Defendant who used the IP address. (*Id.* at 1). The matter is ripe for review.

II. **STANDARD**

Federal Rule of Civil Procedure 26 provides that a party generally may not seek discovery "before the parties have conferred as required by Rule 26(f)," except in limited circumstances, including when authorized by court order. Fed. R. Civ. P. 26(d). "Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery." *TCYK, LLC v. Does 1–17*, No. 2:13-cv-535, 2013 WL 2665025, at *1 (S.D. Ohio Jun. 12, 2013). "Good cause may be found based upon

2

'(1) allegations of copyright infringement, (2) the danger that the [internet service provider] will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward.'" *Malibu Media, LLC v. Doe*, No. 2:15-cv-1202, 2015 WL 12732859, at *1 (S.D. Ohio Apr. 13, 2015) (quoting *Best v. Mobile Streams, Inc.*, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012)).  Courts also consider "whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored." *Id.* (citations omitted).  And "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1–15*, No. 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007) (quoting *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

## III.  DISCUSSION

Plaintiff meets the good-cause standard.  As noted, Plaintiff alleges that the John Doe Defendant who used the IP address infringed on Plaintiff's copyright by copying its trademarks on "fraudulent invoices and email correspondence." (Doc. 32 at 3; *see also* Doc. 1 at ¶¶ 40–44); *Tesuco Holdings Ltd. v. Does 1–12*, No. 3:12-cv-600, 2012 WL 6607894, at *2 (S.D. Ohio Dec. 18, 2012) (allowing expedited discovery where the plaintiff alleged the elements for a copyright infringement claim).

Further, Plaintiff says that Comcast Corporation "is the only party with the necessary information to identify where that IP address was located and who it was registered to" when the John Doe Defendant used it to open the fraudulent bank account.  (Doc. 32 at 2).  In other words, Plaintiff needs the limited discovery sought to identify and serve the John Doe Defendant.  (*Id.* at 4).  Without the information, Plaintiff cannot prosecute its case.  *Arista Records, LLC*, 2007 WL 5254326, at *3 (finding good cause where the plaintiff sought limited identifying information that only the third party maintained).

Finally, the scope of Plaintiff's request is narrow. It seeks only the "name, current and permanent addresses, telephone numbers and email addresses" of the John Doe Defendant who used the IP address to fraudulently open the bank account and send the invoices. (*Id.* at 4; *see also id.* at 3–4). Plaintiff says it will use this information only to advance its case and effect service. (Doc. 32 at 3; *see also* Doc. 32-1 at 2). Given the limited scope and purpose of the subpoena, any prejudice the John Doe Defendant would suffer is outweighed by Plaintiff's need for expedited discovery. *Tesuco Holdings Ltd.*, 2012 WL 6607894, at *2 (finding the same where the plaintiff sought information to identify and serve Doe defendants); *Malibu Media, LLC*, 2015 WL 12732859, at *2 (same); *Arista Records, LLC*, 2007 WL 5254326, at *4 (finding a narrow request supported a finding of good cause).

All things considered, Plaintiff has demonstrated good cause for the limited discovery sought. Its Motion (Doc. 32) is **GRANTED**. Plaintiff may serve Comcast Corporation a Rule 45 subpoena commanding it to provide Plaintiff with the true name, current and permanent addresses, telephone numbers, and email addresses of the Defendant to whom Comcast Corporation assigned the identified IP address on or before February 27, 2025. (*Id.* at 2). Plaintiff must attach a copy of this Order to that subpoena. Further, if Comcast Corporation qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Defendant.

The Court will hold Plaintiff to its representation that it seeks this information only to "learn the [John Doe] Defendant's true identity and location, investigate that Defendant's role in the infringement, and effectuate service on one or more of the John Doe Defendants." (*Id.* at 3).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 32) is **GRANTED**. Plaintiff may serve Comcast Corporation a Rule 45 subpoena commanding it to provide Plaintiff with the true name, current and permanent addresses, telephone numbers, and email addresses of the Defendant to whom

Comcast Corporation assigned the identified IP address on or before February 27, 2025. (*Id.* at 2). Plaintiff must attach a copy of this Order to that subpoena. Further, if Comcast Corporation qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Defendant.

    IT IS SO ORDERED.


Date: June 10, 2025                          /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE